**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **BORIVOJ BULIC,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 2:17-CV-020-JTM** |
| | ) | |
| **SUPERINTENDENT,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION and ORDER

Borivoj Bulic, a *pro se* prisoner, filed a habeas corpus petition challenging a prison

disciplinary hearing (ISO 16-05-037) where an Indiana State Prison Disciplinary Hearing

Officer ("DHO") found him guilty of Possession or Use of a Controlled Substance in

violation of B-202 on June 8, 2016. (DE # 1 at 1.) As a result, he was sanctioned with the

loss of 45 days earned credit time. *Id.* While Bulic identifies three grounds in his

petition, his claims can be restated as challenges to: (1) the sufficiency of the evidence

used to find him guilty, and (2) the DHO's refusal to provide him with a copy of the

shakedown log, shakedown sign-in sheet, and surveillance footage of his bunk area.

Respondent filed a response to the court's order to show cause in March 2017.

(DE # 4.) In the intervening months, Bulic has not filed a traverse, nor has he sought

additional time to do so. His time to file a traverse has now expired. N.D. Ind. L. Cr.

R. 47-2 (petitioner has 28 days to file reply). Therefore, this case is fully briefed.

Bulic first argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Bulic as follows: "[o]n 5/29/16 at approximately 8:15 pm, I Officer Tustison while conducting a routine shakedown of offender Bulic (254987) found a Fentanyl transdermal system still in its original sealed packaging inside his cabinet in his oatmeal container." (DE # 1 at 4.) There was also a witness statement from Officer Crawford who reported, "[o]n 05/29/16 at approximately 8:15PM I, Officer Crawford, witnessed Officer Tustison find a Fentanyl

Transdermal System inside of Offender Bulic's, DOC# 254987, ISO West 2 - Row 10 -

Bed 4 container of oatmeal that was located inside his blue cabinet." (DE # 1 at 5.)

Bulic was charged with, and found guilty of, violating IDOC B-202, which

prohibits inmates from "[p]ossession or use of any unauthorized substance controlled

pursuant to the laws of the State of Indiana or the United States Code or possession of

drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Fentanyl is a controlled substance pursuant to both Indiana and federal law. *See* 856

Ind. Adm. Code § 2-2-3; *see also* 21 U.S.C. § 812.

The DHO had sufficient evidence to find Bulic guilty of violating IDOC B-202. A

Conduct Report alone can satisfy the "some evidence" requirement, *McPherson*, 188

F.3d at 786, and here the Conduct Report by Officer Tustison was corroborated by a

witness statement from Officer Crawford. Both officers provided evidence that the

fentanyl was discovered in Bulic's cabinet. In light of this evidence, the DHO's

determination that Bulic was guilty was not unreasonable or arbitrary.

Bulic argues that there was insufficient evidence that the contraband belonged to

him, as opposed to one of the eight other inmates whose property was searched. (DE

# 1 at 2.) Bulic claims that during the shakedown, prison officials "demolished" the

bunk areas, and that it took the prisoners 30 minutes to locate their property because it

had been scattered throughout other inmates' living areas. *Id.* The court has reviewed

video footage from the shakedown. (DE # 10.) While this footage does not show all

areas searched, and does not show Bulic's living area, it does serve to refute Bulic's claim that the offenders' property was strewn about and mixed with other inmates' property. This does not really matter, though, as the post-search state of the inmate living areas is irrelevant to Bulic's disciplinary charge. Officer Tustison discovered the fentanyl *inside* Bulic's cabinet, concealed within an oatmeal container. It was not discovered in an area where it could have conceivably been mixed with another prisoner's property.

Bulic also argues that he should not have been found guilty because he took a drug test several days after the shakedown and his test was negative for drug use. This is not relevant to the disciplinary charge in this case because Bulic was charged with possession, not use, of a controlled substance.

Finally, Bulic claims that he is entitled to habeas relief because he was not provided with a copy of the shakedown sign-in sheet or the shakedown log. (DE # 1 at 2.) He claims that he needed these documents to identify which employees took part in the search. He also takes issue with the fact that he requested surveillance footage from his bunk area, and that the request was denied on the basis that no footage from his bunk area existed. *Id.* Bulic did not have a due process right to any of this evidence. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Inmates have a right to present relevant, exculpatory evidence in their defense. *Id.* at 566; *Miller v. Duckworth*, 963 F.2d 1002, 1005

4

(7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Here, the shakedown log and sign-in sheet were not relevant or exculpatory. While Bulic claims that he wanted the shakedown logs because he wished to know which officers participated in the shakedown, he has not identified how such information is relevant to his disciplinary charges. Moreover, Bulic never requested to review this evidence, and had no right to the production of evidence he did not request. With respect to the video evidence, the DHO could not produce evidence that did not exist. Because there was no footage of Bulic's living area, there was no due process violation when such footage was not produced.

For these reasons, the petition (DE # 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Date: August 1, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT